Matter of Strazzullo (2024 NY Slip Op 03691)

Matter of Strazzullo

2024 NY Slip Op 03691

Decided on July 3, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY
CARL J. LANDICINO, JJ.

2024-01228

[*1]In the Matter of Salvatore Emilio Strazzullo, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Salvatore Emilio Strazzullo, respondent. (Attorney Registration No. 4019618)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 13, 2002.

Catherine A. Sheridan, Acting Chief Counsel, Brooklyn, NY (Lauren R. Cooper of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On February 21, 2024, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent, by physical delivery to Julie A. Clark, Esq., who was authorized by the respondent to accept service on his behalf, with a notice of petition and a verified petition, both dated February 2, 2024, and duly filed those papers with this Court together with an affidavit of service. The petition contains two charges of professional misconduct, alleging that the respondent misappropriated client funds entrusted to him as a fiduciary, incident to his practice of law, and that he failed to cooperate with an investigation by the Grievance Committee into allegations of his professional misconduct, in violation of rules 1.15(a) and 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
The notice of petition directed the respondent to file his answer to the petition, together with proof of service of the answer upon the Grievance Committee, within 20 days after service of the petition upon him. To date, the respondent has neither served nor filed an answer to the petition, as directed, nor requested additional time in which to do so.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were served upon the respondent on March 20, 2024, by first-class mail and certified mail, return receipt requested, he has neither opposed the instant motion nor interposed any response thereto.
By separate motion, the Grievance Committee moves, inter alia, to immediately suspend the respondent from the practice of law pursuant to 22 NYCRR 1240.9(a)(1), (3), and (5) upon a finding that he failed to comply with the Grievance Committee's investigation, his default in responding to a notice to appear for an examination under oath, and other uncontroverted evidence of professional misconduct. To date, the respondent has neither opposed this motion nor interposed [*2]any response thereto.
Accordingly, the Grievance Committee's motion to deem the charges against the respondent established based upon his default is granted, the charges in the petition dated February 2, 2024, are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. The Grievance Committee's separate motion, inter alia, to immediately suspend the respondent from the practice of law is denied as academic.
DILLON, J.P., DUFFY, BARROS, CONNOLLY and LANDICINO, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to deem the charges in the petition dated February 2, 2024, established is granted, and the Grievance Committee's separate motion, inter alia, to immediately suspend the respondent, Salvatore Emilio Strazzullo, from the practice of law is denied as academic; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Salvatore Emilio Strazzullo, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Salvatore Emilio Strazzullo, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Salvatore Emilio Strazzullo, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Salvatore Emilio Strazzullo, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court